UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,

        Plaintiff,                  Case No. 14-10245
                                                    HON. MARK A. GOLDSMITH

v.

DAN A. DAMMON ET AL.,

        Defendants.
_____/

**ORDER (1) DISMISSING DEFENDANTS DAN A. DAMMON, MONA ARMSTRONG,
HON. CYNTHIA LANE, and MICHAEL D. WENDLING
and (2) STRIKING LETTERS (DKTS. 7, 8, 10)**

## I.    INTRODUCTION

This is a pro se prisoner civil rights case. Plaintiff Scott Syzak is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff names as Defendants Dan A. Dammon (defense attorney), Mona Armstrong (St. Clair County assistant prosecutor), the Honorable Cynthia Lane (St. Clair County Circuit Court Judge), Michael D. Wendling (St. Clair County Prosecuting Attorney), and four John Does. Plaintiff alleges that he was assaulted by two sheriff's deputies and one court bailiff (all of whom are John Doe Defendants) in a courtroom, while awaiting sentencing on his murder conviction. Compl. at 3-7. He alleges that the remaining Defendants failed to intervene to prevent or stop the assault. Id. at 7-9. The complaint requests compensatory and punitive damages. Id. at 9-10.

The matter is presently before the Court on the Court's own review of the complaint (Dkt. 1) and of three letters filed by Plaintiff (Dkts. 7, 8, 10). For the reasons that follow, the Court dismisses a number of Defendants and strikes the three letters (Dkts. 7, 8, 10).

1

## II. LEGAL STANDARD

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Order (Dkt. 9). Under the Prison Litigation Reform Act ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint, or a prisoner complaint seeking redress against government entities, officers, and employees, if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To survive dismissal for failure to state a claim, a complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009); Hill v. Lappin, 630 F.3d 468, 470-471 (6th Cir. 2010) (holding that the dismissal standard of Iqbal applies to a Court's review of a complaint under the PLRA for failure to state a claim). A complaint will be dismissed unless, when all well-pled factual allegations are accepted as true, the complaint states a "plausible claim for relief." Iqbal, 556 U.S. at 679. To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). A pro se civil rights complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## III. ANALYSIS

The Court dismisses the claims against Defendants Dammon, Armstrong, Lane, and Wendling because they are not amenable to suit under § 1983 or because sufficient allegations

are not asserted against them.

### A. Defense Attorney

First, Plaintiff alleges that his defense attorney, Dan A. Dammon, failed to intervene when he was being physically assaulted. Compl. at 7. Attorneys representing clients in criminal actions do not act under color of state law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Therefore, Plaintiff cannot state a claim against Defendant Dammon under § 1983.

### B. County Prosecutors and Circuit Court Judge

Plaintiff names as Defendants assistant prosecutor Mona Armstrong, prosecuting attorney Michael D. Wendling, and St. Clair County Circuit Court Judge Cynthia Lane. Plaintiff alleges that these Defendants are liable for injuries he suffered in the courtroom attack because they failed to prevent the attack and failed to intervene to stop the attack. Compl. at 7-8. Plaintiff cites no authority for the proposition that these Defendants owed a duty to prevent or stop the alleged attack, and the Court is aware of none. To the extent that Plaintiff claims that their professional positions created a duty to prevent or stop the attack, Plaintiff may not obtain relief on this basis.

While prosecutors play multiple roles in our court system, none implicates a duty to protect a prisoner in the courtroom setting. Prosecutors present the State's case as advocates and also function as investigators or administrators. See Imbler v. Pachtman, 424 U.S. 409, 427-431 (1976) (recognizing these varying roles in according absolute immunity for § 1983 damage claims). But no court has held that prosecutors have any duty to protect prisoners as part of their duties, either expressly or by implication. In any case, because the role played by the

prosecutors sued here was in the nature of presenting the State's case, they are absolutely immune from suit. Id. at 431 ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Therefore, Defendants Armstrong and Wendling must be dismissed from this action..

Similarly, Defendant Judge Lane's duties do not specifically encompass protecting prisoners from assault. However, to the extent it is arguable that such a duty derives from a judge's obligation to safeguard the "sanctity and dignity of . . . courtroom proceedings," Triplett v. Connor, 109 F. App'x 94, 96 (6th Cir. 2004) (citation omitted), Plaintiff's claim must be dismissed based on the absolute judicial immunity judges enjoy for the performance of their judicial duties. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, i.e., whether it is a function normally performed by a judge.'" Id. at 12 (citations omitted). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." Id. at 12. Here, Judge Lane's actions (or inactions) in maintaining order in the courtroom are conduct traditionally associated with judicial officers, for which she is shielded by absolute judicial immunity. See Triplett, 109 F. App'x at 96 (affirming that the judge's actions relating to maintaining order in his courtroom were "judicial acts" shielded by absolute immunity).

**C. Miscellaneous Letters (Dkts. 7, 8, 10)**

With respect to three letters recently filed by Plaintiff (Dkts. 7, 8, 10), Plaintiff is hereby advised that this Court grants relief to litigants through properly filed motions that: (i) must "be in writing unless made during a hearing or at trial;" (ii) "state with particularity the grounds for

4

seeking the order;" and (iii) "state the relief sought." See Fed. R. Civ. P. 7(b)(1). Furthermore, all motions filed in this Court must be accompanied by a supporting brief, which must "contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." E.D. Mich. L.R. 7.1(d)(2). Although pro se litigant pleadings are held to a more forgiving standard than those of an attorney, a pro se litigant is still required to follow the rules of civil procedure and easily-understood court deadlines. See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000). The Court, accordingly, strikes the three letters (Dkts. 7, 8, 10). Plaintiff shall not file any additional letters; memoranda of law shall be filed only in support of a motion that complies with the applicable Federal and Local Rules of Civil Procedure, or that opposes a motion filed by an opposing party.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted against Defendants Dammon, Armstrong, Lane, and Wendling. Accordingly, the Court dismisses those Defendants. The Court also strikes the letters submitted by Plaintiff (Dkts. 7, 8, 10).

The remaining Defendants are four John Does. It is Plaintiff's responsibility to identify and provide addresses for the John Doe defendants. Dubard v. Buckberry, No. 10-12740, 2010 WL 3168635, at *3 n.2 (E.D. Mich. Aug. 10, 2010). After Plaintiff has properly identified the John Doe defendants, the Court may order the United States Marshal or a deputy marshal to direct service of the complaint on them. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

SO ORDERED.

Dated: June 24, 2014                                 s/Mark A. Goldsmith
      Flint, Michigan                           MARK A. GOLDSMITH
                                                   United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2014.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager