UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,

      *Plaintiff*,               CASE NO. 14-CV-10245

v.                         DISTRICT JUDGE MARK A. GOLDSMITH
                         MAGISTRATE JUDGE PATRICIA MORRIS

BALIFF COLLINS, *et al.*,

      *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (Doc. 44)

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 44) be **DENIED**.

### II.    REPORT

#### A.    Background

Plaintiff Scott Syzak is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility in New Haven, Michigan. On January 17, 2014, Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by nine defendants, and that he was assaulted in a Michigan state court room while awaiting sentencing on his murder conviction. (Doc. 1 at 3-7). On June 24, 2014, Magistrate Judge Steven Whalen *sua sponte* dismissed several of the defendants under 28 U.S.C. § 1915,

1

such that only four John Doe bailiff defendants remained. (Doc. 11). On June 25, 2014, this matter was reassigned to the undersigned magistrate judge. (Doc. 13).

Syzak, who remains pro se, has experienced substantial difficulty in identifying his alleged assailants. On January 8, 2015, this Court issued a report and recommendation recommending that Syzak's complaint be dismissed for failure to prosecute his case, because he failed to identify any of the John Doe bailiff defendants. (Doc. 27). On January 23, 2015, Syzak filed objections to this recommendation, in which he identified one of the John Doe bailiff defendants as "Collins" and provided an address where that defendant could be served.

On June 17, 2015, the Honorable Mark Goldsmith issued an order rejecting this Court's January 8, 2015, report and recommendation, and amending the case caption. (Doc. 39). Specifically, Judge Goldsmith found that Syzak's provision of Defendant Collins's name satisfied his obligations in prosecuting his case. (Id. at 2). Judge Goldsmith also re-referred the case to the undersigned for all pretrial matters. (Doc. 38). Finally, Judge Goldsmith ordered service upon Bailiffs Collins, Sheridan, Montoya, and Sheldon, who comprise the remaining Defendants. (Doc. 39 at 2). Service was accomplished by waiver as to Defendants Collins, Montoya, and Sheridan, but was not accomplished with regard to Bailiff Sheldon[1]. (Docs. 43, 44 at 3, 45, 46). That order did

---

[1] Defendants argue that "'Bailiff Sheldon' does not exist." (Doc. 44 at 3). Syzak has not disputed this contention. Based on the information before the Court, it will assume that Sheldon is not a proper defendant.

2

not, however, grant or deny Syzak's February 20, 2015, request to amend his complaint, nor did it set a deadline within which Syzak must amend his complaint.

On July 17, 2015, Defendants Collins, Montoya, and Sheridan filed the instant motion to dismiss. (Doc. 44). In their motion, Defendants argue that Syzak has failed to amend his complaint to reflect any claims against them, instead still relying upon the use of "John Doe" names, and that the statute of limitations now prevents Syzak from amending his complaint to add claims against the Defendants. (Doc. 44 at 3-6).

On July 27, 2015, this Court ordered Syzak to respond to Defendants' motion to dismiss. (Doc. 48). On August 10, 2015, Syzak filed three responsive pleadings, including a response (Doc. 49), a supplemental response (Doc. 50), and a letter (Doc. 51). In his response, Syzak reminded the Court of his *pro se* status, and again requested appointment of counsel, but did not actually respond to Defendants' arguments. (Doc. 49).

In his supplemental response, Syzak asserts that he has been "stonewalled" in his attempts to identify the John Doe defendants, noting that he contacted his defense attorney, the prosecutor in his case, and a state court judge to help him identify those persons, in addition to filing a Freedom of Information Act request and sending a subpoena to a local newspaper. (Doc. 50 at 200). Syzak also spends a significant portion of his supplemental response discussing his failure to serve the Defendants, and arguing that he has shown good cause for that failure because of the difficulty he experienced in locating them. (*Id*. at 4). Syzak further states that "with the proper motion and leave of the Court [he will] amend, [sic] his complaint," and bewilderingly asserts that "plaintiff

will not amend John Doe but will, however amend officer's [sic] official titles there by stating a claim against each of the Baliff's [sic]." (*Id*. at 7).

Finally, in his untitled letter, Syzak inquired as to "what this Court intends to do in a motion [Doc. 33] filed by plaintiff for an 'order to disclose' and enforcing a subpoena which was served on the St. Clair Co[unty] Sheriff ordering him to release the names of the 2 sheriff deputies who transported the plaintiff to court on July 1 2011.[2]" (Doc. 51).

### B.    Governing Law

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

---

[2] Syzak's motion to compel will be addressed in the Court's order, which will be issued concurrently with this report and recommendation.

(citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### C.    Analysis & Conclusion

Defendants argue that Syzak's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it "fails to identify any allegations against any of the 'four' named Bailiff's [sic]." (Doc. 44 at 4). Defendants also note that while Syzak has sought permission to amend his complaint, he has not submitted an amended complaint. (*Id.*). Defendants correctly assert that Syzak's personal injury claims are governed by a three year statute of limitations. (Doc. 44 at 5; MCL §600.5805(10)). Defendants further note:

> Although the lawsuit was filed on January 17, 2014, 2 years, 6 ½ months after the events complained of, as to the Bailiffs, it only identified two "John Doe Bailiffs", the actual named Bailiff's [sic] were not added to the lawsuit until June 16, 2015 (at this point, they are only named in the Caption)" and that "[t]he naming of the movant/Defendants, did not occur until 17 months after the lawsuit was filed, almost four years after the events claimed of, and over eleven months after the three year statute of limitations had expired."

(Doc. 44 at 5). Defendants thus conclude that Syzak's claims are barred by the statute of limitations. (*Id.* at 6). Defendants also argue that Syzak cannot now amend his complaint under the theory that such an amendment would relate back to the date of the original pleading under Federal Rule of Civil Procedure 15(c). That rule provides that an otherwise untimely amendment to a complaint will be considered timely if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). In other words, the amendment must occur within the 120 day period for service of the complaint provided by Rule 4(m), the amendment must concern a claim arising out of the occurrence set forth in the complaint, the added party must not be prejudiced in defending on the merits, and the added party was (or should have been) aware that it would be added as a defendant but for the mistake in identity.

Defendants also note that numerous courts in this circuit have found that the substitution of named defendants for previously unknown, John Doe defendants, does not constitute a "mistake" in identity, but rather is considered to be the addition of a new party, and thus does not satisfy the exception conceived by Rule 15(c)(1)(C). *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem."); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a mistake concerning the party's identity within the meaning of Rule 15(c).") (quotation omitted).

It is true that the addition of Defendants' names in place of John Doe defendants does not invoke the doctrine of relation back under Rule 15(c)(1)(C). However, this does

not preclude Syzak's motion to amend his complaint in this case. Numerous factors counsel this outcome. First, Syzak's status as a *pro se*, incarcerated filer sharply limits his access to legal resources and creative methods of discovery that might have helped him to ascertain the identities of Collins, Sheridan, and Montoya at an earlier date. While this factor alone would obviously not save a deficient complaint from dismissal, it is helpful to recall that complaints filed by *pro se* petitioners are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Second, Collins, Sheridan, and Montoya have, for all intents and purposes, been on notice of Syzak's intention to include them in this suit since the issuance of Judge Goldsmith's June 17, 2015, order, which added the Defendants to the caption of the case. (Docs. 37, 39). Permitting Syzak to amend his complaint to specifically include those names in his allegations will not substantially prejudice Defendants. Further, while Judge Goldsmith's order amended the case caption, it did not set forth a time limit in which Syzak should amend his complaint to replace his John Doe defendants with the names of the now-identified Collins, Sheridan, and Montoya. Given the somewhat nuanced distinction between identification of defendants for purposes of service and putting defendants on notice pursuant to the pleading standards established by Federal Rule of Civil Procedure 8, it appears that Syzak was unintentionally lulled into believing that his complaint, as amended by the Court, was sufficient to state a claim for relief. (*See* Doc. 50 (in which Syzak spends the majority of his supplemental response discussing matters of service, despite the fact that Defendants have already been served)). Syzak should not

be denied an opportunity to have his claim decided on the merits for such an insubstantial reason.

Third, Defendants will suffer minimal prejudice through the swapping of their names in place of the "John Does." Syzak has pleaded ignorance of the identities of the various bailiffs, and thus cannot at this stage connect specific names with specific acts. Thus, even if Syzak chooses to amend his complaint to properly list the names of Defendants, he could do no more than assert that each of the three Defendants perpetrated each act, with the hope that he will be able to determine which bailiff perpetrated each act through the discovery process. Defendants would thus be equally well situated to mount their defense based on the inclusion of their names in the caption as they would be if presented with a properly amended complaint.

In sum, because of Syzak's *pro se* status, the substantial difficulty encountered in discovering the defendants, and the limited prejudice to Defendants, it would not be appropriate to bar his suit merely because he failed to include in the body of his complaint the names which appear in the caption. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (holding that "[*p*]*ro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation omitted). For the aforementioned reasons, Defendants' motion to dismiss (Doc. 44) should be **DENIED**. The Court will permit Syzak to file an amended complaint in an order issued concurrently with this report and recommendation.

8

III.   **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 28, 2015                S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent to Scott Syzak #215189 at Bellamy Creek Correctional Facility, 1727 Bluewater Highway, Ionia, MI 48846.

Date: August 28, 2015                 By s/Kristen Krawczyk
                                      Case Manager to Magistrate Judge Morris