UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,

        Plaintiff,                            Civil Action No. 14-CV-10245

vs.                                                  HON. MARK A. GOLDSMITH

COLLINS, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) SUSTAINING DEFENDANTS' OBJECTIONS (Dkt. 57); (2) REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 55); (3) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 44); AND (4) DISMISSING THE CLAIMS AGAINST DEFENDANTS COLLINS, SHERIDAN, AND MONTOYA WITH PREJUDICE**

**I. INTRODUCTION**

This pro se prisoner civil rights case comes before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge Patricia T. Morris (Dkt. 55), recommending that the Court deny Defendants' motion to dismiss (Dkt. 44). Defendants filed objections to that recommendation (Dkt. 57), Plaintiff filed a response (Dkt. 59), and Defendants filed a reply in support of their objections (Dkt. 62).[1] For the reasons described more fully below, the Court sustains Defendants' objections, rejects the Magistrate Judge's R&R, and dismisses Plaintiff's complaint with prejudice.

---

[1] Following Defendants' reply (dated October 5, 2015), Plaintiff continued to file papers concerning the Magistrate Judge's R&R and Defendants' objections. See "Response to Defendant's [sic] Motion filed 10/5/15" (Dkt. 64); "Supplemental Brief re [ ] Response to Defendant's [sic] Motion filed 10/5/15" (Dkt. 65); "Memorandum (Argument) in support of defendants misleading the Court" (Dkt. 68). The Local Rules permit only a response to a party's objections. See E.D. Mich. LR 72.1(d). Plaintiff has neither requested nor been granted leave to file additional responses. In any case, the Court reviewed the filings and finds no new arguments set forth. Accordingly, the Court strikes these filings.

## II.  PROCEDURAL BACKGROUND

Plaintiff Scott Syzak, a prisoner, alleges that he suffered unprovoked physical abuse at the hands of various law enforcement officers while being transported from the St. Clair County detention center to Plaintiff's sentencing hearing at the St. Clair County courthouse on July 1, 2011.  See Compl. at 3-6 (Dkt. 1).  Approximately two and a half years later, on January 17, 2014, Plaintiff filed a complaint in this Court, chronicling those alleged abuses in § 1983 claims against various named and unnamed defendants.  The named defendants included Dan Damman, Plaintiff's defense attorney, Mona Armstrong, prosecuting attorney, the Honorable Cynthia Lane, Circuit Judge for St. Clair County, and Mike Wendling, Chief Prosecutor.  Id. at 1-2.  The unnamed defendants included two "John Doe" Bailiffs and two "John Doe" Deputy Sheriffs, all of whom were allegedly employed by St. Clair County.  Id.  Pursuant to the Court's screening obligations under the Prisoner Litigation Reform Act ("PLRA"), Plaintiff's claims against Defendants Damman, Armstrong, Lane, and Wendling were dismissed sua sponte, leaving only the "John Doe" Defendants.  See 6/24/2014 Order (Dkt. 11).

As described in more detail in two R&Rs issued by the Magistrate Judge, Plaintiff experienced substantial difficulty in discovering the identity of his alleged assailants.  See 1/8/2015 R&R (Dkt. 27); 8/28/2015 R&R (Dkt. 55).  When Plaintiff failed to identify a named defendant almost a year after filing suit, the Magistrate Judge recommended that Plaintiff's complaint be dismissed sua sponte for want of prosecution.  1/8/2015 R&R.  Plaintiff filed objections to the R&R, and in his objections, as well as in other communications to the Court, he identified Bailiffs Collins, Sheridan, Montoya, and Sheldon as named defendants.  See 6/16/2015 Order (Dkt. 39).  Accordingly, the Court rejected the Magistrate Judge's January 2015 R&R, ordered the case caption changed, and directed service on the newly-named defendants.  See id.

The newly-named Defendants executed a waiver of service and filed a motion to dismiss (Dkt. 44). Defendants' motion argued: (i) that the complaint failed to state a claim against any of the Defendants because it did not connect specific factual allegations to any of the named individuals; and (ii) that any attempt to add the named individual Defendants to the complaint is barred by the statute of limitations, specifically, because a change in parties cannot "relate back" under Federal Rule of Civil Procedure 15(c) to the filing of the original complaint. See Defs. Mot. at 4, 5-6.

The Magistrate Judge agreed that replacing the "John Doe" defendants with the individually-named Defendants does not invoke the doctrine of relation-back under Rule 15(c). 8/28/2015 R&R at 6. However, the Magistrate Judge concluded that this alone did not preclude Plaintiff from amending his complaint, observing that: (i) Plaintiff's status as a pro se, incarcerated plaintiff sharply limited his access to resources; (ii) the named Defendants have been on notice of Plaintiff's intention to include them in his complaint since the issuance of the Court's June 2015 Order amending the case caption; (iii) Plaintiff may have been under the impression that changing the case caption was sufficient to state a claim for relief against the named Defendants; and (iv) Defendants will suffer minimal prejudice from allowing Plaintiff to amend his complaint. Id. at 6-8. The Magistrate Judge then recommended that Defendants' motion to dismiss be denied.

Defendants timely objected to the recommendation; the Court reviews de novo any portion of the R&R to which specific objections are filed. Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

Defendants' principal objection concerns their statute-of-limitations defense. Specifically, Defendants argue that while the Magistrate Judge recognized that an amendment to

add Defendants may not relate back, she erroneously applied the factors governing relation-back to conclude that Plaintiff may amend his complaint and to recommend that Defendants' motion be denied. The Court agrees with Defendants. Because Plaintiff seeks to change the parties named in his complaint after the statute of limitations expired, he cannot invoke the doctrine of relation-back. Moreover, Michigan law contains no equitable tolling provision that would be applicable here. Therefore, Plaintiff's claims against Defendants are time-barred and any amendment would be futile.

**A. Applicable Law**

Statutes of limitations require plaintiffs to be diligent in exercising their rights, and to bring their claims within a reasonable period of time, as determined by statute, so as to protect defendants from having to defend against stale claims, where the passage of time may have rendered much of the relevant evidence diminished or lost. See Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 428 (1965). The statute of limitations for § 1983 actions is borrowed from Michigan's three-year limitations period for personal-injury claims. Wolfe v. Perry, 412 F.3d 707, 713-714 (6th Cir. 2005). While state law governs the limitations period, federal law controls when the limitations period begins to run. Id. at 714.

The filing of a complaint tolls the applicable limitations period as to the claims in that complaint. See United States v. Wahl, 583 F.2d 285, 287 (6th Cir. 1978). Where a plaintiff seeks to amend his or her complaint after the statute of limitations has expired, the plaintiff may do so only if the amendment relates back to the date of the filing of the original complaint, in accordance with Federal Rule of Civil Procedure 15(c). Evans v. Hanger Prosthetics & Orthotics, Inc., 735 F. Supp. 2d 785, 789 (N.D. Ohio 2010). As relevant here, Rule 15 permits an amendment to relate back where:

4

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity[.]

Fed. R. Civ. P. 15(c)(1).

## B. The Parties' Arguments

In their objections, Defendants argue that, regardless of whether Plaintiff is permitted to amend his complaint, his claims arising out of his July 1, 2011 sentencing are barred by the applicable three-year statute of limitations. Obj. at 8-10. Specifically, Defendants argue that the case caption was not amended to reflect the named Defendants until eleven months after the statute of limitations expired, and the substitution of named defendants in place of fictitious, or "John Doe," defendants may not relate back under Rule 15 to avoid a statute-of-limitations defense. Id.[2] Defendants further assert that none of the observations offered by the Magistrate Judge in support of her conclusion that Plaintiff should be permitted to amend his complaint suffices to defeat a statute-of-limitations defense. Id. at 10-12.

Defendants also argue that even incarcerated, pro se plaintiffs are still required to timely file a lawsuit within the applicable statute of limitations, and that, notwithstanding Plaintiff's

---

[2] Along similar lines, Defendants also object to the Magistrate Judge's apparent consideration of the Rule 15(c) factors for relation-back on the grounds that it is erroneous to consider those factors when the relation-back doctrine does not apply in the first instance. Obj. at 13-15.

difficulties in prosecuting this lawsuit due to his incarceration, there is no equitable basis on which to toll the statute of limitations. Id. at 15-16. Defendants contend that Michigan law is the governing law for tolling purposes, and that Michigan law no longer considers incarceration a disability warranting tolling. Id. at 16-18.

Plaintiff's response recounts the numerous obstacles he has faced in uncovering the identities of the "John Doe" defendants and his attempts to overcome those obstacles. Pl. Resp. at 1, 7-9, 11-12. Plaintiff relies on the fact that his complaint was timely filed within the three-year limitations period to argue that serving Defendants after that period does not render his claim time-barred. Id. at 2, 3-4, 5.

Plaintiff also relies on Federal Rule of Civil Procedure 17, stating that an action should not be dismissed for failure to include the real parties in interest until a reasonable time has been allowed to correct defects so as to avoid forfeiting just claims. Id. at 2. Plaintiff further argues that Rule 17 makes no mention of a statute of limitations, and expressly contemplates the addition of officers' names, which is what he asserts was done here. Id. at 3. Plaintiff suggests that, to the extent there is a more forgiving body of law than that of relation-back under Rule 15, it should apply given Plaintiff's status as a pro se prisoner. Id.

Plaintiff also seems to argue, in the alternative, that to the extent the statute of limitations does bar his claim, the diligence with which he has pursued his rights, notwithstanding the difficulties prompted by his incarceration, and his pro se status compel the Court to equitably toll the statute of limitations. Id. at 5-7, 8. Plaintiff further references a Michigan law that suspends the statute of limitations for individuals with legal disabilities until one year after the disability has been removed. Id. at 8.

6

Plaintiff also seems to suggest that because he was unaware that the alleged conduct that took place on the date of his sentencing amounted to a constitutional violation, his claims did not "accrue" until approximately January 1, 2013, when he first learned that the Defendants' alleged actions were illegal and/or unconstitutional. Id. at 9-10.

Finally, Plaintiff describes the cases on which Defendants rely as "smoke and mirrors," contending that in those cases the plaintiffs did not file their complaint until well after the expiration of the statute of limitations, or the plaintiff elected not to discover the identity of the "John Doe" defendants; here, Plaintiff contends, he filed his complaint within the statute of limitations, and he was diligent in attempting to locate the named defendants and included their official titles in the complaint. Id. at 11-12.

Defendants' reply reiterates their initial argument that, even though Plaintiff timely filed his complaint, he did not add the named Defendants until after the statute of limitations had expired. Because substituting named defendants in place of "John Doe" defendants may not relate back, Plaintiff's claims are time-barred. Defs. Reply at 1 (Dkt. 62). Defendants also dismiss Plaintiff's invocation of equitable tolling on the grounds that tolling principles for a § 1983 claim are governed by Michigan and not federal law, and that there is no basis in Michigan law for equitable tolling here. Id. at 1-2, 3-4.[3] Lastly, Defendants argue that Rule 17 is inapplicable: Plaintiff did not sue a public officer as contemplated in Rule 17, such that he could add the officer's name at a later date, but, rather, Plaintiff sued unknown individuals. Id. at 5. Defendants also assert that naming a public officer would not protect an individual capacity claim and that, here, Plaintiff must be suing the named Defendants in their individual capacities

---

[3] However, Defendants add that if federal law were to govern, to equitably toll a claim a plaintiff must have been diligent in protecting their rights and extraordinary circumstances must have led to the untimely filing. Defs. Reply at 2. Defendants argue that ignorance of the law, lack of education, or unavailability of legal assistance or materials do not constitute extraordinary circumstances sufficient to satisfy the requirements for equitable tolling. Id.

7

because Plaintiff's complaint does not contain the necessary allegations to make out a § 1983 claim against St. Clair County, the relevant governmental entity if Plaintiff had sued Defendants in their official capacities. Id. at 5-6.

**C. Discussion**

Because Defendants' alleged actionable conduct took place on July 1, 2011, the statute of limitations expired on July 1, 2014. While Plaintiff suggests that his claims may not have accrued until as late as January 1, 2013 — when he first became aware that his rights may have been violated — this suggestion is without merit. The accrual date for purposes of statute of limitations is the date the plaintiff became aware of the actual injury underlying his claim; it is not the date that a plaintiff became aware of a potential legal injury. Campau v. Orchard Hills Psychiatric Ctr., 946 F. Supp. 507, 511 (E.D. Mich. 1996).

While Plaintiff's complaint was timely filed on January 17, 2014, approximately six months before the statute of limitations expired, the present Defendants were not added to the case caption, let alone named in the complaint, until June 16, 2015, almost a year past the three-year limitations period. And these claims were not saved from the statute of limitations, because "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973)) (affirming the lower court's holding that "the relation back provision of [Rule] 15(c) did not apply where the amendment sought to add rather than substitute a party").

This principle applies when a plaintiff has named "John Doe" defendants. "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). "[A] plaintiff's lack

8

of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." Moore v. Tennessee, 267 F. App'x 450, 455 (6th Cir. 2008); see also Smith v. City of Akron, 476 F. App'x 67, 68-69 (6th Cir. 2012).

Accordingly, because Plaintiff cannot avail himself of the relation-back doctrine, his claims against the named Defendants are time-barred, notwithstanding the timeliness of his initial complaint against the "John Doe" defendants.

Plaintiff's reliance on Federal Rule of Civil Procedure 17 is also misplaced. Rule 17's provision regarding the "real parties in interest" imposes restrictions on the Court's ability to dismiss a case for failure to prosecute in the name of the real party in interest. See Fed. R. Civ. P. 17(a)(3). Here, there is no question that Plaintiff is the proper party to prosecute this matter. Similarly, while Rule 17 permits a public officer to be designated by official title, rather than name, and allows the Court to add the public officer's name at a later date, that provision presupposes that the public officer is a specifically identifiable individual whose name is presently known, not a fictitious defendant who is used as a placeholder in lieu of the actual defendant. See Fed. R. Civ. P. 17(d).

Defendants are also correct in arguing that Michigan law governs any applicable tolling rules. See Wallace v. Kato, 549 U.S. 384, 394 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations."). Thus, Plaintiff is simply wrong in arguing that some federal tolling doctrine applies in this case.

Michigan law contains a comprehensive and exclusive statutory scheme that permits tolling in certain, specified circumstances. See Trentadue v. Buckler Lawn Sprinkler, 738 N.W.2d 664, 670-671 (Mich. 2007). Those circumstances include allegations of professional

and medical malpractice, injuries arising out of unsafe property, and actions alleging that a person who may be held liable for a claim fraudulently concealed the existence of the claim or the identity of any person who is liable for the claim. Id. at 670. Only the last of these circumstances could conceivably be at issue here, and, notably, while Plaintiff complains of being "stonewalled" in his attempts to learn the identities of his alleged assailants, there is no indication or suggestion that the identities of the named Defendants, or any other potential defendant, were fraudulently concealed. According to Defendants, the Sheriff's Department complied with Plaintiff's subpoena and did so in a timely manner. Defs. Reply at 4. Instead, Plaintiff's difficulties appear to stem from the fact that he is an incarcerated, pro se litigant, with limited access to legal resources and knowledge. See generally Pl. Resp. at 1, 7-9.

While Plaintiff maintains that Michigan law suspends the statute of limitations for persons with legal disabilities, id. at 8, the requisite statute no longer considers imprisonment among those disabilities. See Mich. Comp. Laws § 600.5851(9) (referring to former provisions of the statute that included imprisonment as a disability); see also Johnson v. Candelas, 230 F.3d 1358, 2000 WL 1477503 (6th Cir. Sept. 26, 2000) (table) ("The statutory provision for tolling the statute of limitations for incarceration was repealed in Michigan effective April 1, 1994, and a grace period expired one year after that date."). Thus, Plaintiff's claims cannot be tolled on that basis.

Because Plaintiff added the now-named Defendants to the present action well after the statute of limitations expired, and because there is no Michigan law that would toll the relevant limitations period, Plaintiff's claims against the named Defendants are time-barred. Any

amendment to add those Defendants to the complaint would be futile; therefore the Magistrate Judge erred in denying Defendants' motion to dismiss.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 44) is granted, and Plaintiff's claims as to Defendants Collins, Montoya, and Sheridan are dismissed with prejudice.

SO ORDERED.

Dated: November 3, 2015  
Detroit, Michigan

s/ Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2015.

s/Karri Sandusky  
Case Manager

---

[4] Because the Magistrate Judge recommended denying Defendants' motion to dismiss, Plaintiff's case has continued to progress while the current R&R remained pending before this Court. However, none of these developments, including a newly filed amended complaint, alters the conclusions reached by the Court in this Opinion and Order.